# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

RYAN ANTHONY JOHNSON                                                PLAINTIFF

V.                  CASE NO.: 3:17-CV-00093-JM-BD

ARKANSAS STATE UNIVERSITY, et al.                             DEFENDANTS

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody, Jr. Any party may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.**     **Background:**

Plaintiff Ryan Anthony Johnson brings this case under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and the First and Fourteenth Amendments to the United States

Constitution. Additionally, he claims a breach of contract under Arkansas law. (Docket entry #2)

Mr. Johnson originally sued Defendants Arkansas State University Jonesboro ("ASUJ"); Charles L. Welch, President of Arkansas State University System; Tim Hudson, former Chancellor of ASUJ; Lynita Cooksey, Provost and Vice Chancellor of ASUJ; and William R. Stripling, Vice Chancellor of ASUJ. These Defendants were sued in their official capacities. Mr. Johnson also sued Professor Richard Burns, in both his individual and official capacities. (Docket entry #2 at 6-7) Defendants responded to Mr. Johnson's complaint with a motion to dismiss, under Federal Rules of Civil Procedure 12(b)(1) and (6). (#6)

In response to the motion to dismiss, Mr. Johnson filed an amended complaint. (#16) The substance of the amended complaint is the same as the original, but in his amended complaint, Mr. Johnson adds individual capacity claims against all Defendants, except ASUJ. (#16 at 6-7) In response to the amended complaint, Defendants filed a second motion to dismiss. (#17)

The Honorable James M. Moody Jr. referred the case to this Court for a recommended disposition for the resolution of any dispositive matters. (#4)

**III.   Facts:**

According to allegations in the amended complaint: Mr. Johnson was enrolled in a graduate program at ASUJ in the spring semester of 2014. (#2 at 7) On February 11, 2014, he attended a public event on the ASUJ campus. He sought to speak directly with the guest speaker, but was informed he could not do so. He left the event. (*Id*. at 7-8)

On February 19, 2014, Mr. Johnson attended a public function at the Multi-Cultural Center at ASUJ, where free food was offered to attendees. Mr. Johnson arrived at the function after the event had ended, prepared a plate of food, and was reprimanded for attending the event for the sole purpose of obtaining free food. University police detained Mr. Johnson, verified that he was a student, and released him. He was not allowed to keep the plate of food. (*Id*.)

On April 24, 2014, Mr. Johnson was enrolled in African-American Folklore, a class taught by Defendant Richard Burns. According to Mr. Johnson, the course "provided for vigorous debate about African-American history and traditions," and he "debated, objected to, and disagreed with academic positions taken by the professor and other students, all the while maintain [sic] proper decorum." (*Id*.)

On Friday, April 25, 2014, Mr. Johnson was informed by email that he faced disciplinary charges at ASUJ arising out of his conduct on February 19, 2014 and April 24, 2014. (*Id*.) On the same day, Mr. Johnson was told, again by email, that he was prohibited from contacting any ASUJ faculty or staff, except for a Vice Chancellor or an Assistant Dean of Students, until after a meeting scheduled for April 29, 2014, when the charges lodged against him would be addressed. (*Id*. at 8-9) Mr. Johnson alleges that he was also told he would be "subject to arrest" if he appeared on campus prior to the April 29 meeting. (*Id*. at 9) Mr. Johnson emailed two of his professors on April 26, 2014, to inform them that, "he could not complete pending class assignments until the disciplinary matter was concluded." (*Id*.)

On April 28, 2014, Mr. Johnson "sought an adjournment" of the April 29 meeting so that he could "obtain legal counsel and gather evidence." (*Id*. at 9) His request to delay the meeting was denied, and "he was informed that he could not have legal counsel or an advisor or an advocate attend the April 29, 2014 meeting." (*Id*.) He did not attend the meeting.

Mr. Johnson received an email on April 30, 2014, notifying him that a hearing to consider his expulsion was set for May 2, 2014. (*Id*.) He was informed that the purpose of the hearing was to determine whether he would be allowed to continue as a student or be expelled and permanently barred from ASUJ. (*Id*.) He was also notified that, in addition to the original charges of violating codes of conduct, he also faced new charges "of contacting university faculty and staff on or about April 26, 2014," and "misconduct for failing to attend the scheduled April 29, 2014 meeting." (*Id*. at 10)

Mr. Johnson did not attend the May 2 expulsion hearing. At the hearing, Defendants expelled Mr. Johnson, "permanently barring him from campus, participating in any future university activity or any further enrollment." (*Id*.) Defendant Tim Hudson affirmed the decision to expel Mr. Johnson.

**IV.    Discussion:**

    **A.    Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. In deciding whether a plaintiff has stated a claim, the court reviews whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell*

4

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 1968 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge [the] claims across the line from conceivable to plausible." *Id.* at 1974.

In considering a motion to dismiss, the court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Even if the plaintiff is proceeding without a lawyer, however, he must still allege sufficient facts to support his claims. *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006); *Stone v. Harry*, 364 F.3d 912, 913 (8th Cir. 2004) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.1989) ("we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded").

### B. Sovereign Immunity

Mr. Johnson's claims against ASUJ and his official-capacity claims against Defendants Welch, Hudson, Cooksey, Stripling, and Burns for monetary damages are barred by sovereign immunity, as explained below.

#### 1. Claims against ASUJ

The Eleventh Amendment generally bars citizens from bringing suit in federal court against a State or its agencies. *Will v. Michigan Dept of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This

includes claims seeking any type of relief, not merely claims for monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Under the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441 (1908), State officials can be sued in their official capacities for prospective injunctive relief, but this exception does not extend to States themselves or to State agencies. *Id*. (citations omitted).

A State and its agencies are subject to suit only if the State has unequivocally waived its immunity or if Congress has abrogated the State's Eleventh Amendment immunity under § 5 of the Fourteenth Amendment. *Hutto v. Finney*, 437 U.S. 678, 693 (1978) (citation omitted). The State of Arkansas has not waived its immunity, and Congress has not abrogated the State's immunity, in cases brought under §§ 1981, 1982, 1983, 1985, and 1986.[1] This Court, therefore, lacks jurisdiction over Mr. Johnson's claims against the ASUJ, and these claims should be dismissed. *Singletary v. Missouri Dep't of Corr.*, 423 F.3d 886, 890 (8th Cir. 2005) (the state enjoys eleventh amendment immunity against § 1981 liability); *Fincher v. Florida Dep't of Labor & Employment Sec. Unemployment Appeals Comm'n*, 798 F.2d 1371, 1372 (11th Cir. 1986), cert, denied, 479 U.S. 1072 (1987) (finding no express congressional abrogation of the state's eleventh amendment immunity with respect to 42 U.S.C. § 1985 actions); *Friends of Eudora Pub. Sch. Dist. of Chicot Cty., Ark. v. Beebe*, No. 5:06CV0044 SWW, 2008 WL 828360, at *3

---

[1] A federal action to enforce rights under §§ 1981 and 1982 against a state actor must be brought pursuant to § 1983. *Artis v. Francis Howell North Band Booster Ass'n*, 161 F.3d 1178, 1181 (8th Cir. 1998) (federal action to enforce rights under 42 U.S.C. § 1981 must be brought pursuant to 42 U.S.C. § 1983); *Rogers v. Helena-West Helena School Dist.*, 2006 WL 2850437, *2 (E.D. Ark. 2006) (§ 1981 and § 1982 are coextensive and actions brought to enforce rights under both must be brought under 42 U.S.C. §1983).

(E.D. Ark. Mar. 25, 2008) (Arkansas and its agencies have not consented to be sued in the federal courts, and Congress did not abrogate sovereign immunity of the States when it enacted 42 U.S.C. §§ 1981, 1982, and 1983).

2. Official-Capacity Claims against Officials for Damages

The Eleventh Amendment also bars claims for monetary damages against state officials sued in their official capacities because the damages would have to be paid from public funds in a State's treasury. *Will*, 491 U.S. at 66; *Pennhurst*, 465 U.S. at 100. Accordingly, Mr. Johnson's official-capacity claims for monetary damages against Defendants Welch, Hudson, Cooksey, Stripling, and Burns (hereinafter "Defendants") should be dismissed.

Although State officials can be sued in their official capacities for prospective, injunctive relief under *Ex Parte Young*, that doctrine does not save Mr. Johnson's claims seeking a declaratory judgment that his expulsion was illegal and unconstitutional. That remedy is neither prospective nor injunctive.

Mr. Johnson also asks for an order restraining Defendants from retaliating against him for filing this lawsuit. That remedy is not available because it is not the type of injunctive relief the Court can grant. "[A]n injunction which does little or nothing more than order the defendants to obey the law is not specific enough." *Bennie v. Munn*, 822 F.3d 392, 397 (8th Cir. 2016), *cert. denied,* 137 S. Ct. 812 (2017), and *cert. denied,* 137 S. Ct. 814 (2017) (quoting *Daniels v. Woodbury Cnty.,* 742 F.2d 1128, 1134 (8th Cir.1984)).

Mr. Johnson also seeks an order requiring Defendants to remove all adverse letters, notes, and memos from his student records or files. As explained more fully below, Mr. Johnson has not pleaded sufficient facts to state federal claims for relief. Because he cannot prevail against the Defendants, he is not entitled to the remedy he seeks.

C.  **Qualified Immunity**

Qualified immunity shields government officials from liability for monetary damages when sued in their individual capacities. "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments" and "protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 134 S.Ct. 3, 5 (2013) (per curiam) (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 743 (2011). It shields ASUJ employees performing discretionary functions from liability "unless [their] conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." *Shekleton v. Eichenberger*, 677 F.3d 361, 365 (8th Cir. 2012) (quoting *Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009)).

Furthermore, in order to survive a challenge under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege that a government official was personally involved in the alleged misconduct, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits." *Ashcroft v. Iqubal*, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009).

As explained below, even if the allegations in the amended complaint were all true, they are not sufficient to show that the individual Defendants violated Mr. Johnson's clearly established constitutional or statutory rights.

1. Professor Burns

Mr. Johnson alleges that Professor Burns taught a course entitled "African-American Folklore" and that Mr. Johnson debated, objected to, and disagreed with academic positions taken by the professor during class on April 24, 2014. (#16 at 8) Mr. Johnson claims generally that "defendants imposed a time, place and manner restriction on plaintiff's speech, causing an infringement of his rights based on the content of plaintiff's speech." (#16 at 11)

The allegations do not show that Professor Burns violated a clearly established constitutional right. Mr. Johnson alleges that he and Mr. Burns engaged in a debate that grew into a disagreement, but Mr. Johnson does not allege that Professor Burns restricted his speech or was involved in any way with the decision to expel him. The allegations in the amended complaint, even if true, are insufficient to show that Professor Burns violated Mr. Johnson's constitutional or statutory rights. Accordingly, Professor Burns is entitled to qualified immunity. *Keefe v. Adams*, 840 F.3d 523, 531 (8th Cir. 2016) ("That a graduate student's unprofessional speech leads to academic disadvantage does not 'prohibit' that speech, or render it unprotected; the university simply imposes an adverse consequence on the student for exercising his right to speak at the wrong place and time, like the student who receives a failing grade for submitting a paper on the wrong subject").

### 2. Other Individual Defendants

Mr. Johnson does not specifically allege any conduct on the part of any of the other individual Defendants, except that Defendant Hudson affirmed his expulsion. Mr. Johnson's general allegations against "defendants" are insufficient to state a violation of a clearly established statutory or constitutional right, and the Defendants cannot be held vicariously liable. *Ashcroft*, 129 S.Ct. at 1948. Accordingly, Defendants are entitled to qualified immunity.

### 3. Procedural Due Process

Assuming all of Mr. Johnson's factual allegations to be true, his amended complaint does not state a procedural due process claim. Mr. Johnson acknowledges that he received notice of the charges against him; that he was given the opportunity to attend the April 29, 2014 meeting and address those charges; and that he was afforded the opportunity to attend the May 2, 2014 expulsion hearing where officials would decide whether he could continue as a student. According to allegations in his amended complaint, Mr. Johnson chose not to attend either the meeting or the hearing.

The due process that is required prior to an administrative action is notice and an opportunity to respond. "The opportunity to present reasons, either in person or in writing, why the proposed action should not be taken is a fundamental due process requirement." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).

In *Keefe v. Adams*, 840 F.3d 523 (8th Cir. 2016), the Court of Appeals discussed the due process requirements for removing a student from an associate degree nursing program. Even though the suspension in that case was based on a disciplinary matter, the

student was entitled to oral or written notice of the charges against him; an explanation of the evidence; and an opportunity to present his side of the story. *Id*. at 535 (quoting *Loudermill*. 470 U.S. at 85).

The facts Mr. Johnson alleges establish that Defendants afforded Mr. Johnson due process. He had written notice of the charges against him, and Defendants gave him the opportunity to meet with administrators to present his side of the story. Mr. Johnson chose not to attend the meeting.

He was then given written notice of a separate expulsion hearing to determine whether he would be expelled and permanently barred, but he chose not to attend that meeting either. Mr. Johnson has not stated a claim for a deprivation of his procedural due process rights.

Mr. Johnson also alleges that he was denied due process because he was not allowed to have legal counsel at the April 29th meeting. In *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729 (1975), however, the United States Supreme Court stopped short of requiring a *formal* hearing on a suspension matter. The Court reasoned that, "further formalizing the suspension process and escalating its formality and adversary nature may not only make it too costly as a regular disciplinary tool but also destroy its effectiveness as part of the teaching process." *Id.* at 583. Mr. Johnson was not entitled to counsel at the April 29th meeting. *Id.*; see also *Bd. of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78, 89 (1978); *Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1124 (8th Cir. 2005) (denying students' argument that they were entitled to counsel at a pre-suspension hearing).

Furthermore, Mr. Johnson waived his right to complain about the adequacy of the pre-expulsion procedures and expulsion hearing when he chose not to appear at either the meeting or hearing. *Sutton v. Bailey*, 702 F.3d 444, 449 (8th Cir. 2012) (plaintiff waived the right to complain about the adequacy of the post-termination procedures by not invoking those procedures) (citing *Krentz v. Robertson Fire Prot. Dist.,* 228 F.3d 897, 904 (8th Cir. 2014); *Riggins v. Bd. of Regents of the Univ. of Neb.,* 790 F.2d 707, 711–12 (8th Cir. 1986); *Demming v. Hous. & Redev. Auth.,* 66 F.3d 950, 953–54 (8th Cir. 1995)).

Mr. Johnson has not established the violation of his due process rights, and Defendants are entitled to qualified immunity. *Keefe*, 840 F.3d at 541.

4. Racial Discrimination and Retaliation

Mr. Johnson alleges Defendants expelled him because he is African-American and because of his political beliefs, all in violation of 42 U.S.C. §§ 1981, 1982, 1985, and 1986. (#16 at 3)

a. 42 U.S.C. §§ 1981 and 1982

To prevail on a claim under 42 U.S.C. § 1981, Mr. Johnson must prove: (1) that he is a member of a racial minority; (2) that Defendants intended to discriminate against him on the basis of his race; and (3) that the discrimination concerned an area enumerated by the statute (*i.e.*, to make and enforce contracts, sue and be sued, etc.). *Williams v. Lindenwood Univ.,* 288 F.3d 349, 355 (8th Cir. 2002)(citing *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085, 1087 (2nd Cir. 1993)).

To state a claim under 42 U.S.C. § 1982, Mr. Johnson must show: (1) that he is a member of a racial minority; (2) that Defendants denied him rights or benefits in

connection with the ownership of property; and (3) that Defendants would not have denied such rights in the absence of intentional racial discrimination. *Moka v. Arkansas Dept. of Corr.*, No. 4:05CV00669 WRW, 2006 WL 796944, at *4 (E.D. Ark. 2006).

Mr. Johnson has not alleged sufficient facts to support his allegation that his race or political beliefs had anything to do with his expulsion. Consequently, Defendants are entitled to qualified immunity on Mr. Johnson's claims under 42 U.S.C. §§ 1981 and 1982.

b. 42 U.S.C. §§ 1985 and 1986

To succeed on a 42 U.S.C. § 1985 claim, Mr. Johnson bears the burden of proving: (1) a conspiracy; (2) for the purpose of depriving him, either directly or indirectly, of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to his person or property or the deprivation of a right or privilege due a citizen of the United States. *Larson v. Miller,* 76 F.3d 1446, 1454 (8th Cir. 1996). Mr. Johnson cannot prevail on a § 1986 claim unless he also prevails on a § 1985 claim. *Lewellen v. Rath,* 843 F.2d 1103, 1116 (8th Cir. 1988); *Abram v. Busby*, No. 3:04-CV-00245 GTE, 2006 WL 398517, at *9 (E.D. Ark. Feb. 16, 2006).

The intra-corporate conspiracy doctrine bars Mr. Johnson's claims under 42 U.S.C. §§ 1985 and 1986. Under this doctrine, a corporation cannot conspire with itself through its agents, when the agents are acting within the scope of their employment. *Bankhead v. Ark. Dep't of Human Serv.*, 264 F.Supp.2d 805, 827 (E.D. Ark. 2003), *reversed on other grounds* 630 F.3d 839 (8th Cir. 2004) (citation omitted). The intra-corporate conspiracy doctrine applies to government entities. *Id*. Mr. Johnson's claim

under 42 U.S.C. § 1985 fails, and because his claim under § 1986 is dependent on his § 1985 claim, it also fails.

### D. Breach of Contract

To state a claim for breach of contract in Arkansas, a plaintiff must allege the existence of an enforceable contract between the plaintiff and defendant, the obligation of the defendant under the terms of the contract, a violation by the defendant, and damages resulting to the plaintiff from the breach. *Smith v. Eisen*, 97 Ark. App. 130, 139, 245 S.W.3d 160, 168–69 (2006) (citing *Rabalaias v. Barnett,* 284 Ark. 527, 683 S.W.2d 919 (1985)). Mr. Johnson claims he entered into a contract with Defendants for educational services, but he does not state who he contracted with. (#16 at 20) Further, he does not identify the terms of the contract. Mr. Johnson has not pleaded facts sufficient to state a breach of contract claim under Arkansas law, and Defendants' motion to dismiss the claim should be granted.

### V. Conclusion:

Mr. Johnson's claims against ASUJ and his official capacity claims against Defendants Welch, Hudson, Cooksey, Stripling, and Burns are barred by sovereign immunity. Mr. Johnson's individual capacity claims against Defendants Welch, Hudson, Cooksey, Stripling, and Burns are barred by qualified immunity, because the allegations in the amended complaint, even if true, are insufficient for the Court to conclude that any of the individual Defendants violated a clearly established constitutional or statutory right. Moreover, Mr. Johnson has not pleaded sufficient fact to state a breach of contract claim under Arkansas law.

Defendants Arkansas State University Jonesboro, Charles L. Welch, Tim Hudson, Lynita Cooksey, William R. Stripling, and Professor Richard Burns's first motion to dismiss (#6) should be DENIED as moot, and their second motion to dismiss (#17) should be GRANTED.

DATED this 16th day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE